Laura v. KING, Petitioner,

v.

DEPARTMENT OF THE NAVY, Respondent.

No. 03–3093.

United States Court of Appeals, Federal Circuit.

DECIDED: April 10, 2003.

Before CLEVENGER, SCHALL, and DYK, Circuit Judges.

## DECISION

PER CURIAM.

Laura V. King petitions for review of the final decision of the Merit Systems Protection Board ("Board") that ordered the Department of the Navy ("agency") to give her priority consideration (beginning on June 7, 2000) for the position she had left, or an equivalent position, retroactive to the date on which the agency first had an appropriate vacancy. *King v. Dep't of the Navy*, No. SE–0353–01–0054–B–1 (MSPB Oct. 21, 2002). Ms. King had argued before the Board that she was entitled to priority consideration beginning on January 1, 1993, after first arguing that she was entitled to priority consideration beginning on May 31, 2000, or alternatively beginning on May 9, 2000. We *affirm*.

## DISCUSSION

### I.

On June 12, 1992, the agency removed Ms. King from her position as a Security Officer, GS–11, at the Puget Sound Naval Shipyard, for excessive absenteeism. Ms. King appealed her removal to the Board,

but eventually the parties entered into a settlement agreement. Pursuant to the agreement, the agency cancelled Ms. King's removal and she resigned from the agency effective June 12, 1992.

Previously, on January 2, 1991, Ms. King had filed a claim for compensation with the Office of Workers' Compensation Programs ("OWCP") based on a work-related emotional injury she claimed she suffered on November 1, 1989. She had stopped coming to work on November 5, 1990, as a result of her claimed condition. OWCP rejected Ms. King's claim in several decisions issued between October 19, 1991, and October 21, 1996. On May 9, 2000, however, after further consideration, OWCP advised Ms. King that it had accepted her claim for "Acute Anxiety Reaction–Resolved." Consequently, on January 12, 2001, OWCP determined that Ms. King would be retroactively compensated for the years 1991 and 1992.

Meanwhile, on May 31, 2000, asserting that she had recovered from a compensable injury, Ms. King sent the agency a copy of the May 9, 2000 communication from OWCP, stating in a cover letter that she assumed that the agency would make her "either a written job offer" or "a written offer to retire with buyout." On November 24, 2000, after the agency had failed to respond to her letter, Ms. King appealed to the Board, alleging that the agency had failed to restore her to employment following her recovery from a compensable injury.

## II.

Pursuant to 5 C.F.R. § 353.301(b), an individual who fully recovers from a compensable injury more than one year after compensation began is entitled to priority consideration, agency-wide, for restoration to the position he or she left, or an equivalent one, provided the individual applies for reappointment within 30 days of the cessation of compensation. Before the Board, Ms. King argued that she was entitled to priority consideration on May 31, 2000, the date she wrote to the agency notifying it of OWCP's decision. Alternatively, Ms. King argued that the date on the letter from OWCP, i.e., May 9, 2000, also could be construed as the date for priority consideration.

In due course, a hearing was held before the administrative judge ("AJ"). The week after the hearing was completed, Ms. King moved "to reopen the record for additional argument." In support of her motion, Ms. King argued that she had verbally asked to have her job back in September of 1991 and that, consequently, she was entitled to priority consideration on January 1, 1993, the first day after the period (January 1, 1991—December 31, 1992) for which she retroactively received OWCP compensation.

In an initial decision dated October 21, 2002, the AJ denied Ms. King's motion to reopen the record, on the ground that Ms. King had failed to satisfy the requirements for reopening. At the same time, he ruled that Ms. King was entitled to priority consideration on June 7, 2000, the date the agency was deemed to have received her May 31, 2000 letter. The AJ's initial decision became the final decision of the Board when Ms. King failed to petition the Board for review. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## III.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained with-

out procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *see Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed. Cir.1998). The decision of the Board in this case is none of these.

Preliminarily, we see no error in the AJ's denial of Ms. King's motion to reopen the record. The AJ determined that Ms. King had failed to show that the evidence and arguments to which she pointed in her motion were not readily available before the record closed. Significantly, on appeal, Ms. King does not challenge the AJ's decision on her motion to reopen. Thus, she has failed to show that the AJ abused his discretion, *see* 5 C.F.R. § 1201.58, in denying the motion to reopen the record. Rather, she simply advances the argument that she failed to make before the Board while the record was open—that she is entitled to a priority consideration date of January 1, 1993.

Turning to the merits, the Board did not err in holding that Ms. King was entitled to a priority consideration date of June 7, 2000, the date the agency was deemed to have received her May 31, 2000 letter. It was in that letter that Ms. King copied the agency with OWCP's May 9, 2000 letter advising her that her claim for OWCP benefits was accepted and in which she stated that she "assumed" the agency would make her "a written job offer." Even if Ms. King's claim that she made a verbal request for priority consideration in 1991 (which claim was the subject of her motion to reopen and which forms the basis for her assertion that she is entitled to a January 1, 1993 priority date) were properly before us, she would not prevail.

The reason is that, assuming such a verbal request was made, it was not made after the retroactive cessation of benefits, which was December 31, 1992. *See* 5 C.F.R. § 353.301(b) (stating that an employee who has been "separated because of a compensable injury and whose full recovery takes more than 1 year" is entitled to "priority consideration" for restoration "provided he or she applies for reappointment within 30 days of the cessation of compensation").[1]

For the foregoing reasons, the final decision of the Board is affirmed.

---

1. Ms. King's reliance on *Delalat v. Dep't of the Navy*, 86 M.S.P.R. 455 (2000), and *Beltran v. United States Postal Serv.*, 50 M.S.P.R. 425 (1991), is misplaced. In both of those cases, one way or the other, application for re-employment was within 30 days of the cessation of OWCP compensation.