NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3249

LAURA V. KING,

Petitioner,

v.

DEPARTMENT OF THE NAVY,

Respondent.

_____

DECIDED: February 10, 2006

_____

Before LOURIE, GAJARSA, and LINN <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Laura King ("Ms. King") appeals from the Merit Systems Protection Board's ("Board") final decision that denied her appeal to enforce her settlement agreement with the Department of the Navy ("Navy") because she failed to raise an issue of disputed, material fact that requires an evidentiary hearing. <u>King v. Dep't of the Navy</u>, M.S.P.B. No. SE-0752-92-0328-C-3 (May 24, 2005) ("<u>King V</u>"). We <u>affirm</u>.

## BACKGROUND

In June of 1992, Ms. King was removed from her job with the Navy because she had been absent without leave. Ms. King appealed her removal to the Board, after

which she and the Navy entered into a settlement agreement. In the settlement, the Navy agreed to "cancel the removal action of the appellant . . . and remove all reference to the removal action from her Official Personnel File." King v. Dep't of the Navy, M.S.P.B. No. SE-0752-98-0328-I-1 (August 1992) ("King I").

Since then, Ms. King and the Navy have engaged in several legal disputes regarding the settlement agreement and other matters. In 1996, the first dispute arose when Ms. King learned that the Office of Personnel Management ("OPM") and the Defense Finance and Accounting Services ("DFAS") retained records concerning the previous removal action. King v. Dep't of the Navy, 130 F.3d 1031, 1033 (Fed. Cir. 1997) ("King II"). In King II, we held that "the petitioner was denied the benefit of her agreement" because it was "undisputed that the mutual intent [of the settlement agreement] was to purge the personnel records that are officially kept and thus might be available to a future employer." Id. at 1033-34.

After Ms. King was removed from the Navy in 1992, she was employed as an administrative law judge with the State of Washington, Office of Administrative Hearings ("OAH"). As such, she presided over an unemployment benefits case between Jerime Dehuff and the Navy. In April of 2003, Ms. King found in favor of Dehuff and required the Navy to pay his unemployment benefits. While the Dehuff matter was pending before her, Ms. King was involved in her own litigation against the Navy. King v. Dep't of the Navy, 64 Fed. Appx. 204 (Fed. Cir. Apr. 10, 2003) (nonprecedential) ("King III").

On May 2, 2003, the Navy petitioned the OAH to review the Dehuff matter claiming that Ms. King should have recused herself because her ongoing litigation was a conflict of interest. In support, the Navy submitted three pages of opinions from her

previous litigations.  The Commissioner of the Employment Security Department agreed and remanded the case to a different administrative judge.  The new judge affirmed Ms. King's prior decision on July 14, 2003.

In June of 2003, Ms. King filed another Board petition to enforce the settlement agreement that claimed the Navy's request in the Dehuff matter violated the settlement agreement. King v. Dep't of the Navy, M.S.P.B. No. SE-0752-92-0328-C-2 (October 15, 2003).  However, the Administrative Judge ("AJ") determined that, due to the settlement agreement's limited scope, it only applied to Ms. King's official personnel records and not to litigation materials. Id.  The AJ reasoned that because the opinion from King II was published, her removal was public record. Id.

We affirmed the Board's decision and explained that the Navy can retain "information regarding Ms. King's removal for the purpose of defending itself in litigation, and to use that information if it became necessary to do so in the court of the litigation." King v. Dep't of the Navy, 112 Fed. Appx. 750, 753 (Fed. Cir. 2004) (nonprecedential) ("King IV").

Meanwhile, on July 25, 2003, the OAH requested any correspondence between Ms. King and the Navy regarding their ongoing proceedings.  By letter dated August 1, 2003, the Navy transmitted 430 of Ms. King's litigation documents to the OAH.  On November 18, 2003, the OAH reprimanded Ms. King for hearing cases where the Navy was a party because her ongoing litigations created a conflict of interest.  However, no formal discipline was taken by the OAH because there was no appearance of impropriety found.

On June 24, 2004, Ms. King filed this action seeking enforcement of the settlement agreement yet again. In her petition, she contended that the 430 litigation documents violated her settlement agreement. On October 20, 2004, the AJ denied the petition in his initial decision. King v. Dep't of the Navy, M.S.P.B. No. SE-0752-92-0328-C-3 (October 20, 2004). The AJ found that because Ms. King had not rebutted the Navy's assertion that they were litigation documents, which were not contained in the Official Personnel File, she was collaterally estopped from arguing that her settlement agreement covered the documents. Id. Thus, Ms. King cannot argue to suppress those documents. Id.

The Board made the initial decision final on May 24, 2005. King v. Dep't of the Navy, M.S.P.B. No. SE-0752-92-0328-C-3 (May 24, 2005) ("King V"). Ms. King now appeals.

### STANDARD OF REVIEW

We must affirm the decision of the Board unless the decision was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2005); accord Kievenaar v. Office of Personnel Mgmt., 421 F.3d 1359, 1362 (Fed. Cir. 2005). This court has jurisdiction over "a petition to review a final order or final decision of the Board." 5 U.S.C. § 7703(b)(1) (2005).

DISCUSSION

Ms. King asserts that the 430 litigation documents submitted to the OAH violated her settlement agreement. However, she is collaterally estopped from raising this issue by King IV.

Collateral estoppel is warranted when (1) an issue is identical to that involved in the prior matter, (2) the issue was actually litigated in the prior matter, (3) the resulting judgment of the prior case was determinative of the issue, and (4) the party precluded was fully represented in the prior case. Morgan v. Dep't of Energy, 424 F.3d 1271, 1274-75 (Fed. Cir. 2005). In this matter, the issue involving the submission of 430 litigation documents is identical to the submission of the three litigation documents in King IV. There, the issue was actually litigated and we held that the Navy may submit litigation documents since they were outside the scope of Ms. King's settlement agreement.[1] King IV, 112 Fed. Appx. at 753. The prior judgment determined the issue and Ms. King was fully represented. Id. Thus, Ms. King is collaterally estopped from relitigating whether litigation documents are covered by the settlement agreement.

We have considered all of the other issues raised by Ms. King and find they are without merit. Therefore, because Ms. King is collaterally estopped from raising the issues previously determined in King IV, we perceive no legal error in the Board's decision and affirm. Costs to appellee.

---

[1] Ms. King argues that the Navy should prove all 430 litigation documents were litigation related. The Navy, however, does not shoulder this initial burden, and Ms. King failed to specifically allege or rebut the fact that these are litigation documents. See Herring v. Dep't of the Navy, 90 M.S.P.R. 165, 168 (2001).