## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROSANNE WOODROOF,[1]
      Appellant,

    v.

DEPARTMENT OF COMMERCE,
      Agency.

DOCKET NUMBER
DC-0432-15-0585-C-1

DATE: May 30, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

<u>Rosanne L. Woodroof</u>, Warrenton, Virginia, pro se.

<u>Benjamin M. Goldstein</u> and <u>Matthew Blake Huffman</u>, Washington, D.C.,
    for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the compliance initial decision, which denied her petition for enforcement. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] We have corrected the spelling of the appellant's first name from Roseann to Rosanne.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. For the reasons set forth below, we VACATE the initial decision and DENY the appellant's petition for enforcement.

## BACKGROUND

In April 2015, the appellant filed a Board appeal challenging her removal from the agency for unacceptable performance. *Woodroof v. Department of Commerce*, MSPB Docket No. DC-0432-15-0585-I-1, Appeal File (AF), Tab 1. In resolution of that appeal, the parties entered into a settlement agreement under which, among other things, the agency agreed to change the appellant's standard form 50 to reflect a resignation instead of a removal, provide the appellant with a neutral reference, and expunge certain documents from her employment record, including her performance improvement plan (PIP), proposed removal, and removal decision. AF, Tab 14 at 6-8. The agreement also contained a confidentiality provision under which the parties agreed not to disclose the terms of the agreement, except as specified. *Id.* at 8.

On September 19, 2018, the appellant filed a petition for enforcement of the settlement agreement. *Woodroof v. Department of Commerce*, MSPB Docket No. DC-0432-15-0585-C-1, Compliance File (CF), Tab 1. The appellant contended that the agency breached the confidentiality provision of the settlement

agreement by asking her questions concerning her PIP and removal on cross-examination when she served as a witness in another employee's Board appeal on November 7, 2017. *Id.* at 9-13. In response, the agency contended that it did not violate the settlement agreement because it did not question the appellant about the specific terms of the settlement agreement itself and/or its actions were permitted under the routine use exception to the Privacy Act. CF, Tab 4 at 5-6.

On February 19, 2019, the administrative judge issued a compliance initial decision denying the appellant's petition for enforcement. CF, Tab 15, Compliance Initial Decision (CID). The administrative judge construed the appellant's claim as alleging that her own testimony about the PIP and removal violated the settlement agreement and found that the appellant's conduct in accurately answering questions about events that occurred during her prior employment did not disclose a term of the agreement. CID at 6. Thus, he found that the appellant's responses as a hearing witness under oath to questions about her prior employment fell outside the area of information covered by the confidentiality clause of her settlement agreement. CID at 7.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 5. The agency has opposed the appellant's petition, and the appellant has filed a reply. PFR File, Tabs 7-8.

## DISCUSSION OF ARGUMENTS ON REVIEW

On review, the appellant argues that the administrative judge improperly construed her claim by focusing on her responses during the hearing instead of the agency attorney's conduct and questions on cross-examination. PFR File, Tab 5 at 6-7. We agree. The crux of the appellant's claim is that the agency attorney's conduct during the hearing, in questioning her about her PIP and removal, violated the terms of the settlement agreement in which the agency agreed to provide her with a clean record. CF, Tab 1 at 9-11.

As the appellant correctly notes in her petition, when an agency has contractually agreed to provide an employee with a clean record, the U.S. Court of Appeals for the Federal Circuit has held that the clean record agreement contains an implied provision that precludes the agency's disclosure of information regarding the rescinded adverse action to third parties. *Conant v. Office of Personnel Management*, 255 F.3d 1371, 1376 (Fed. Cir. 2001); PFR File, Tab 5 at 10. The Board has interpreted the U.S. Court of Appeals decision in *Conant* as "creating the general rule that if an agency discloses information regarding the rescinded adverse action to any third party, then the agency has materially breached the clean record settlement." *Allen v. Department of Veterans Affairs*, 112 M.S.P.R. 659, ¶ 15 (2009), *aff'd*, 420 F. App'x. 980 (Fed. Cir. 2011). Furthermore, the Board has found that the appellant need not show actual harm to establish that the agency's disclosure of such information constituted a material breach. *See Allison v. Department of Transportation*, 111 M.S.P.R. 62, ¶ 17 (2009); *Poett v. Department of Agriculture*, 98 M.S.P.R. 628, ¶ 17 (2005).

Here, the record reflects that, during the hearing, on direct examination by her former coworker, the appellant discussed the details of her March 2014 PIP and her belief that it was unreasonable and an attempt to force her out. PFR File, Tab 5, Hearing Transcript (HT) at 7-10.[3] Thereafter, on cross-examination, the agency attorney also asked the appellant questions about her PIP. HT at 55-56. Additionally, the agency attorney asked the appellant who the proposing and deciding officials were for her removal action. HT at 42-45.

Under *Conant*, the general clean record provisions of the settlement agreement broadly prohibited the agency from disclosing PIP and removal-related information to any third party. However, the parties also included language that was not contained in the *Conant* agreement, which expressly carves out

---

[3] However, the appellant specifically declined to answer a question about whether she had been removed. HT at 6.

exceptions to this prohibition. AF, Tab 14 at 8. In particular, the parties agreed that the appellant could disclose the terms of the agreement to "the MSPB," among other disclosures, and that the agency would "treat this agreement in accordance with the Privacy Act." *Id*. Thus, although the parties agreed to keep the terms of the settlement agreement confidential, it is clear that they did not intend to render the details of the appellant's PIP and removal unusable for all purposes. Based on these exceptions and to the extent the appellant voluntarily chose to participate as a witness in her coworker's hearing and answered questions on direct examination relating to her PIP, we find that the agency's conduct in questioning the appellant for the purpose of defending itself in litigation did not amount to a material breach of the agreement. *See Allen*, 112 M.S.P.R. 659, ¶¶ 14-27 (finding that the agency did not breach a settlement agreement by disclosing the appellant's removal-related information to the Office of Workers' Compensation Program based on language in the settlement agreement that carved out an exception to the general confidentiality provision allowing disclosure as required by law); *see also King v. Department of the Navy*, 112 F. App'x 750, 753 (Fed. Cir. 2004) (finding that a clean record settlement agreement permitted the agency to maintain information regarding the appellant's removal for the purpose of defending itself in litigation, and to use that information if it became necessary to do so in the course of the litigation). [4]

Accordingly, we deny the appellant's petition for enforcement. [5]

---

[4] The Board may rely on unpublished decisions of the U.S. Court of Appeals for the Federal Circuit if it finds the court's reasoning persuasive. *Mauldin v. U.S. Postal Service*, 115 M.S.P.R. 513, ¶ 12 (2011).

[5] In light of our decision, we do not address the timeliness of the appellant's petition for enforcement.

**NOTICE OF APPEAL RIGHTS[6]**

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    _Gina K. Grippando_
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.