# United States Court of Appeals for the Federal Circuit

05-3048

JOAN M. KIEVENAAR,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

William J. Lafferty, Lafferty & Lafferty, of Burlington, Massachusetts, for petitioner.

J. Reid Prouty, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. On the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, Todd M. Hughes, Assistant Director and James D. Colt, Trial Attorney.

Appealed from: United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

05-3048

JOAN M. KIEVENAAR,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  September 1, 2005

_____

Before MAYER, LOURIE, and LINN, <u>Circuit Judges</u>.

LINN, <u>Circuit Judge</u>.

Joan M. Kievenaar ("Kievenaar") petitions for review of the Merit Systems Protection Board's ("Board") denial of a survivor annuity pursuant to 5 U.S.C. § 8343a. <u>Kievenaar v. Office of Pers. Mgmt.</u>, No. BN-0831-03-0055-I-1 (M.S.P.B. Mar. 31, 2003). Because the Board did not err in determining that Kievenaar could not rely on 5 C.F.R. § 831.2203(f) to claim entitlement to an alternative form of annuity, we affirm.

## BACKGROUND

Kievenaar's husband, Peter H. Kievenaar, was a civilian employee of the Department of the Navy from 1972 through 2002. With his two years of military service, he had a total of 32 years of federal service, entitling him to retire. On February 22, 2002, in anticipation of his retirement on June 30, 2002, he elected a self-only annuity

("self-only annuity") in accordance with 5 C.F.R. § 831.614 by completing an "Application for Immediate Retirement" under the Civil Service Retirement System. This election provides greater income as compared to the income resulting from a standard "survivor annuity" but payable only during the retiring employee's lifetime. Under a survivor annuity,

> the amount of the employee's monthly payment is reduced by a factor actuarially computed to fund a survivor annuity for the life of the spouse, should the spouse survive the employee . . . [5 U.S.C. §§ 8339(j)(1), 8341(b)] provide[s] that the employee and spouse may together waive the spouse's right to the survivor annuity by executing the appropriate written form, thereby giving them a larger current income but leaving the spouse without any survivor annuity should he or she survive the annuitant.

Carpisassi v. Office of Pers. Mgmt., 46 F.3d 1094, 1094 (Fed. Cir. 1995). Kievenaar signed the required "Spouse's Consent to Survivor Election," acknowledging that she freely consented to her spouse's annuity election and that she understood that consent was final. Kievenaar also signed, before a notary public, an attachment to the form in which she consented to her husband's election "to provide no survivor annuity." Kievenaar contends that they were not well informed in retirement matters and she deferred to her husband's judgment in this election, assuming that he was making a reasoned decision. The annuity was to begin after her husband's retirement, on July 1, 2002. Tragically, only three weeks later, her husband unexpectedly died of cardiac arrhythmia.

Because the self-only annuity left Kievenaar with no spousal annuity, she understandably looked for ways to change the election that she and her husband had previously made under 5 C.F.R. § 831.614. On September 12, 2002, Kievenaar submitted an application to OPM seeking a survivor annuity. OPM denied the survivor

annuity, finding that she had freely consented to her husband's decision to select a self-only annuity. Kievenaar appealed OPM's decision to the Board, which held a telephonic hearing before Chief Administrative Judge William Carroll (the "AJ").

Kievenaar presented three principal arguments to the AJ. First, she contended that she and her husband had no understanding of retirement regulations and were not properly counseled by his agency regarding the consequences of their selection. The AJ, citing Office of Personnel Management v. Richmond, 496 U.S. 414 (1990), rejected this argument because the Board may not make monetary payments not authorized by law, regardless of any error committed by the agency. Second, she argued that, under 5 C.F.R. § 831.621, she should have been allowed to change his election within 30 days after the first regular monthly payment. Citing Pruden v. Office of Personnel Management, 68 M.S.P.R. 681, 683 (1995), the AJ held that § 831.621 only permits an employee, and not a spouse, to change an election. Third, Kievenaar argued that because her husband died before the date of OPM's final adjudication of his retirement application, 5 C.F.R. § 831.2203(f) applied and would deem her husband to have selected a survivor "alternative form of annuity" ("AFA") regardless of any previous election. That regulation states:

> Except as provided in paragraph (g), an annuitant who dies before the date of final adjudication is deemed to have made an affirmative election under paragraph (a) with a fully reduced annuity to provide a current spouse annuity, regardless of any election completed under § 831.614 [for a self-only annuity], and the lump-sum credit will be paid in accordance with the order of precedence established under 5 U.S.C. 8342(c).

5 C.F.R. § 831.2203(f) (2002). The AJ disagreed and found that, as argued by OPM, § 831.2203(f) is only applicable to employees who retired between June 5, 1986 and November 30, 1990, and would therefore not apply to Kievenaar's husband, who retired on June 30, 2002. The AJ thus affirmed the decision of the OPM.

Kievenaar filed a petition for Board review of the AJ's initial decision. The Board members agreed with the AJ regarding Kievenaar's first two arguments: lack of information cannot change the terms of a valid waiver of survivor annuity benefits, and only Kievenaar's husband had the right to change the annuity election under 5 C.F.R. § 831.621. However, the two Board members could not agree regarding the applicability of 5 C.F.R. § 831.2203(f). Acting Chairman Neil McPhie noted that there was no language in the regulation limiting its application to employees who retired between June 1986 and November 1990. He, thus, considered the regulation applicable to the facts of this case and effective to provide Kievenaar with a spousal annuity. Board Member Susanne Marshall disagreed, concluding that § 831.2203(f) only related to AFAs and required evidence of a life-threatening affliction or other critical medical condition to be presented to OPM before retirement. Member Marshall reasoned that, because Kievenaar's husband did not select an AFA initially, and was healthy at the time of his retirement, this subsection would not be applicable. With a lack of consensus between the two reviewing Board members, the initial decision of the AJ became the final decision of the Board pursuant to 5 C.F.R. § 1200.3(d).

Kievenaar petitions for review of the Board's final decision. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

### I. Standard of Review

We may only set aside the Board's decision if it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Carpisassi, 46 F.3d at 1097. Issues of statutory and regulatory construction are reviewed de novo. Billings v. United States, 322 F.3d 1328, 1332 (Fed. Cir. 2003).

### II. Analysis

#### A. Scope of Review

As a preliminary matter, OPM argues that this court may not consider Kievenaar's argument regarding the applicability of 5 C.F.R. § 831.2203(f) because it was not initially made to OPM in Kievenaar's original request for a survivor annuity benefit. "Objections to the proceedings of an administrative agency must be made while it has an opportunity for correction in order to raise issues reviewable by the courts. A corollary is that the issue must be raised with sufficient specificity and clarity that the tribunal is aware that it must decide the issue, and in sufficient time that the agency can do so." Kachanis v. Dep't of Treasury, 212 F.3d 1289, 1293 (Fed. Cir. 2000) (internal citation omitted). This has clearly occurred here. Kievenaar argued this issue extensively before the AJ and the reviewing Board. Although the AJ recognized that the applicability of the regulation had not been decided by the OPM, the AJ nonetheless proceeded to rule directly on this issue, finding Kievenaar's argument to be "without merit" because the applicability of the subsection is limited to employees who

05-3048 5

retired "between June 5, 1986 and November 30, 1990." The applicability of § 831.2203(f) was then presented to and argued before the reviewing Board, producing a split between the two Board members, which resulted in the AJ's initial decision becoming the final decision.

Thus, Kievenaar raised the issue with "sufficient specificity and clarity" such that the AJ and both reviewing Board members were able to consider the issue and make thoughtful, reasoned decisions regarding it. The OPM also has been given ample opportunity to present arguments, and its position is clear. Under the circumstances, we find that Kievenaar has adequately preserved the issue for appeal, and we may review the applicability of § 831.2203(f) to Kievenaar. See Kachanis, 212 F.3d at 1294 (holding an issue properly before the court where the issue was presented in various filings to the AJ and the full Board, providing both the opportunity to address the matter).

### B. Applicability of 5 C.F.R. § 831.2203(f)

Kievenaar bases her appeal on the applicability of 5 C.F.R. § 831.2203(f). This section was intended to provide a safety-net for surviving spouses when an employee dies without selecting an annuity, or dies immediately after retiring without having benefited from the higher monthly payouts furnished by a self-only annuity. See Retirement; Alternative Forms of Annuity, 51 Fed. Reg. 42,987 (proposed Nov. 28, 1986) (to be codified at 5 C.F.R. pt. 831) ("[I]f a retiree dies before making an election, OPM will deem the annuitant to have elected the full survivor benefit for any current spouse plus the alternative form of annuity (and the lump-sum credit)."). Kievenaar argues that because the regulation makes no mention of a date restriction and was promulgated specifically for those individuals who did not affirmatively elect an AFA

during their lifetimes, it should be applicable to her husband and entitle her to a survivor annuity. OPM argues that the regulation is applicable only when a retiree elects an AFA, not a self-only annuity. OPM further argues that § 831.2203(f) is to be read in conjunction with other sections relating to AFAs, and that together they require a showing of a life-threatening affliction or other critical medical condition. Thus, OPM argues, absent proof of such a medical condition for her husband, Kievenaar is not entitled to receive a spousal survivor annuity.

We begin with a brief history of the statutory framework underlying the regulation in issue. On June 6, 1986, Congress created AFAs to make additional retirement available to retirees. Federal Employee's Retirement System Act of 1986, Pub. L. No. 99-335, § 204, 100 Stat. 514, 532-33 (codified as amended at 5 U.S.C. § 8343a (2000)). OPM was given administrative authority to prescribe regulations under which employees could elect an AFA. 5 U.S.C. § 8343a(a) (2000). In implementing this statute, the OPM promulgated a series of regulations, including § 831.2203(f),[1] under "Subpart V – Alternative Forms of Annuities." Retirement; Alternative Form of Annuity, 51 Fed. Reg. 42,987 (1986) (interim rules with request for comments, Nov. 28, 1986).

When § 8343a was originally enacted, AFAs were an option for all federal employees, Federal Employee's Retirement System Act of 1986 § 204, and, as such, § 831.2203(f) conformed to the intent of Congress as expressed in the language of the statute. In 1990, however, § 8343a was amended in a wide-ranging budget bill. The

---

[1] Section 831.2203(f) has remained substantially unchanged since its adoption. In 1993, language referring to § 831.607 was eliminated and replaced with the present reference to § 831.614. Payment of Survivor Deposits by Actuarial Reduction, 58 Fed. Reg. 52,877, 52,881 (1993) (interim rules with request for comments, Oct. 13, 1993).

1990 amendment, <u>inter alia</u>, enacted subsection (f), which suspended the AFA for five years, beginning December 2, 1990, for all federal employees, with exceptions only for those with serious medical conditions in narrow circumstances in which "equity and good conscience" justified the option. In response, OPM promulgated 5 C.F.R. § 831.2203(h), which permitted employees to elect an AFA only if they satisfied the requirements of 5 C.F.R. § 831.2207(c)(2) and (3). Retirement; Credit For Service And Alternative Forms of Annuity, 56 Fed. Reg. 6,549 (1991) (interim rules with request for comments, Feb. 19, 1991). Sections 831.2207(c)(2) and (3), in turn, defined "life-threatening affliction or other critical medical condition" and outlined the evidence required to make the necessary showing.

Section 8343a was again amended by Congress in 1993. Omnibus Budget Reconciliation Act of 1993, Pub. L. No. 103-66, § 11002, 107 Stat. 312, 409 (1993). The amendment, entitled "Permanent Elimination of the Alternative-Form-of-Annuity Option Except for Individuals with a Critical Medical Condition," essentially incorporated the restriction in subsection (f) into subsection (a) and eliminated subsection (f). <u>Id.</u> As stated, subsection (a) originally had established broad AFA eligibility by stating that "an employee or Member may . . . elect annuity benefits under this section." The 1993 amendment, however, changed the language to read, "any employee or Member <u>who has a life-threatening affliction or other critical medical condition</u> may" elect annuity benefits under this section. <u>Id.</u> (emphasis added). The net effect of the 1993 amendment was to permanently narrow the availability of AFAs to a small group of individuals who suffered from a life-threatening affliction or other critical medical condition. Congress thus eliminated the AFA for all other employees.

Following the amendments to the statute, OPM amended 5 C.F.R. § 831.2203 to add subsection (h)(1)(ii), which permits employees with annuities commencing on or after October 1, 1994 to elect an AFA only if they meet the required showing of a critical medical condition as set forth in § 831.2207(c)(2) and (3). Retirement; Alternative Forms Of Annuity, 60 Fed. Reg. 54,585 (1995) (interim rules with request for comments, Oct. 25, 1995).

Section 831.2203(f), which remained unchanged following the amendments to § 8343a, is not limited to employees with critical medical conditions. The regulation, by its terms, provides an AFA to any employee who dies of any cause—including accidents unrelated to any health condition—before the date of final adjudication of an election previously made. Thus, the regulation would permit results beyond those authorized by Congress in the amended statute. Where regulations and statutes are in conflict, regulations must necessarily yield. K Mart Corp. v. Cartier, Inc., 486 U.S. 281, 294 (1988) (holding a C.F.R. provision invalid because it conflicted with the unequivocal language of the statute); Brush v. Office of Pers. Mgmt., 982 F.2d 1554, 1560 (Fed. Cir. 1992) (holding a C.F.R. provision invalid because it did not "comport with the clear statutory mandate"). Because § 831.2203(f) conflicts with and is no longer supported by the amendments to § 8343a, it is ineffective. Resort to that regulation to affect an AFA following the effective dates of amendments is foreclosed.

Here, Kievenaar's husband completed the annuity paperwork in February 2002. His annuity was to begin on July 1, 2002, and he died suddenly on July 22, 2002. Thus, his annuity commenced at a time when § 831.2203(f) was ineffective. While we are

sympathetic to Kievenaar's position, we have no alternative but to conclude that she is not eligible for the AFA she seeks.

Because the unavailability of § 831.2203(f) during the period relevant to Kievenaar is dispositive of her case, we need not and do not decide the issue of validity of the regulation prior to the effective dates of the amendments to § 8343a.

## CONCLUSION

The Board correctly determined that 5 C.F.R. § 831.2203(f) was inapplicable to Kievenaar's request to change her husband's self-only annuity to an AFA. The Board's affirmance of OPM's decision to deny the requested AFA was in accordance with law and is affirmed.

## AFFIRMED