NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3295

BRENDA ELLEN ALDRICH,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  January 11, 2006

_____

Before RADER, BRYSON, and LINN, Circuit Judges.

RADER, Circuit Judge.

The Merit Systems Protection Board (the Board) affirmed the Office of Personnel Management's (OPMs) denial of Brenda E. Aldrich's application for Civil Service Retirement System (CSRS) survivor benefits.  Because the Board did not err when it concluded that Ms. Aldrich's pre-May 7, 1985 divorce date made her ineligible for survivor benefits, this court affirms.

BACKGROUND

Ms. Aldrich divorced Richard Atomanuk by order of a Vermont court dated April 28, 1983.  At the time of his death in 1999, Mr. Atomanuk was an employee of the Postal Service.  After his death, Ms. Aldrich applied for CSRS survivor benefits.  OPM denied those benefits and Ms. Aldrich appealed that denial to the Board.  Before the

Board, Ms. Aldrich argued that she was entitled to survivor benefits by virtue of an amended court order dated October 1, 1987, which required Mr. Atomanuk to pay child support. The Board rejected that argument because Ms. Aldrich and Mr. Atomanuk divorced prior to May 7, 1985, and the relevant rule extends survivor benefits, where those benefits are provided by court order, only in the case of marriages that ended on or after May 7, 1985. Ms. Aldrich appeals.

## DISCUSSION

This court possesses limited authority to review a Board decision. The Board's decision must be affirmed unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Kievenaar v. Office of Pers. Mgmt., 421 F.3d 1359, 1362 (Fed. Cir. 2005). Issues of statutory and regulatory construction are reviewed without deference. Kievenaar, 421 F.3d at 1362 (citing Billings v. United States, 322 F.3d 1328, 1332 (Fed.Cir.2003)).

Prior to enactment of the Spouse Equity Act of 1984, Pub. L. No. 98-615, 98 Stat. 3195 (codified as various amended sections throughout 5 U.S.C.), a former spouse had no right to survivor benefits under the CSRS. See Vallee v. Office of Pers. Mgmt., 58 F.3d 613, 614-15 (Fed. Cir. 1995). Effective May 7, 1985, the Spouse Equity Act provided entitlement to a survivor annuity to the extent "expressly provided for . . . in the terms of any decree of divorce or annulment or any court order or court-approved property settlement agreement incident to such decree." 5 U.S.C. § 8341 (h)(1) (2000). 5 C.F.R. § 838.802(a) implements the effective date of the Spouse Equity Act where

benefits are sought based on court order in connection with a divorce, i.e., the basis for Ms. Aldrich's claim. That OPM regulation states:

> A court order awarding a former spouse survivor annuity under CSRS is not a court order acceptable for processing <u>unless the marriage terminated on or after May 7, 1985</u>.

5 C.F.R. § 838.802(a) (2005) (emphasis added). The Board based its decision affirming OPM in this case on that rule.

Notwithstanding 5 C.F.R. § 838.802(a), Ms. Aldrich argues that the Board erred because it ignored <u>Vallee</u>, in which provisions of the Spouse Equity Act were held to apply to a CSRS retiree whose divorce occurred prior to May 7, 1985. <u>Vallee</u>, 58 F.3d at 614. In <u>Vallee</u>, this court explained that a retiree must be given notice of his ability to provide a survivor annuity to a former spouse. <u>Vallee</u> at 615. Thus, <u>Vallee</u> did not address a situation where a former spouse sought benefits as a result of a divorce-related court order. Instead, <u>Vallee</u> concerned the notice that must be given <u>to a retiree</u> regarding his ability to confer benefits to a former spouse regardless of when the marriage ended. In this case, had Mr. Atomanuk retired before his death, he presumably would have been advised of that option. Contrary to Ms. Aldrich's arguments, <u>Vallee</u> is not relevant to her situation because her situation does not involve a retiree who may have intended to provide a survivor annuity to a former spouse. Mr. Atomanuk was never a retiree. Instead, Ms. Aldrich's situation fits squarely within 5 C.F.R. 838.802(a): she is attempting to obtain survivor benefits by virtue of a divorce-related court order. Because Ms. Aldrich's divorce occurred prior to May 7, 1985, the effective date of the Spouse Equity Act, there is no statutory basis for awarding her survivor benefits. The fact that Mr. Atomanuk could have provided a survivor annuity to

Ms. Aldrich had he retired before he died does not have any bearing on Ms. Aldrich's claim. The Board did not err in its application of 5 C.F.R. § 838.802(a) in this case. Therefore, this court affirms.