NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3021

LATWANA WILLIAMS,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

_____

DECIDED: March 13, 2006

_____

Before BRYSON, GAJARSA, and LINN Circuit Judges.

PER CURIAM.

## DECISION

LaTwana Williams ("Ms. Williams") appeals from the Merit Systems Protection Board's ("Board") final order removing her from her employment with the Department of Veterans Affairs ("DVA"). Williams v. Dep't of Veterans Affairs, M.S.P.B. No. CH-0752-04-0109-I-1 (July 15, 2005) ("Final Order"). We affirm.

## BACKGROUND

In 1989, the DVA hired Ms. Williams as a Housekeeping Aid. In 1993, Ms. William's coworkers elected her Chief Steward of the American Federation of Government Employees ("AFGE") Local 31. In 1998 and again in 2001, Ms. Williams

was elected president of Local 31. As Local 31 president, Ms. Williams presided over union members from fourteen agency facilities.

Part of her duties as president required Ms. Williams to frequently travel to both union and government events. As a result, Local 31 granted Ms. Williams a $45.00 flat rate per diem for union travel. Unlike Local 31 officials traveling for union events, government employees traveling for government sponsored events receive a per diem based on standard rates published by the General Service Administration. This government rate varies, but is typically less than $45.00 per day.

As president of Local 31, Ms. Williams determined that she and other Local 31 Executive Board members were entitled to various supplemental payments in addition to the government per diem when they were traveling solely for the government. Ms. Williams paid herself and her fellow board members the difference between the lower government per diem and the higher Local 31 rate as a supplemental reimbursement. She advanced board members their supplemental and government travel per diem allowance using Local 31 funds. She expected them to repay Local 31 with the DVA reimbursement, enabling them to keep the difference between the per diem payments. Since the DVA regulations prevented the reimbursement of travel expenses for which the union had already paid, the practice of supplemental payments was not disclosed to the DVA. Ms. Williams took advantage of this scheme by requesting funds from Local 31 which were greater than the anticipated government funding. She then submitted her travel expenses to the DVA for reimbursement and failed to repay Local 31. Ms. Williams was therefore being paid for the same travel expenses by the DVA and Local 31.

The National Office of the AFGE investigated Ms. Williams for double-billing and embezzling union and agency travel funds. On May 13, 2003, an arbitrator found Ms. Williams guilty of fund mismanagement. On September 9, 2003, the DVA proposed to remove Ms. Williams, alleging that she used government employment for private gain and provided false information on government documents.

The DVA removed Ms. Williams on October 31, 2003 and she appealed the DVA's decision to the Board. The Administrative Judge ("AJ") sustained fourteen of the fifteen charges[1] and sustained her removal. <u>Williams v. Dep't of Veterans Affairs</u>, M.S.P.B. No. CH-0752-04-0109-I-1 (July 20, 2004) ("<u>Initial Decision</u>"). Ms. Williams appealed the Initial Decision to the Board, presenting allegedly new evidence. The Board denied the appeal in its Final Order, citing that Ms. Williams presented no "new, <u>previously unavailable</u>, evidence." Final Order, (emphasis added). Ms. Williams timely appealed the Final Order to this Court.

## STANDARD OF REVIEW

We must affirm the decision of the Board unless the decision is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2005); <u>accord</u> <u>Kievenaar v. Office of Pers. Mgmt.</u>, 421 F.3d 1359, 1362 (Fed. Cir. 2005). The question before us is "whether the administrative determination is supported by substantial evidence in the

---

[1] Ms. Williams was charged with fifteen counts of using government employment for private gain and submitting false information on a government document. One of these counts was dismissed by the AJ because the DVA did not show that Ms. Williams used government employment for private gain or submitted false information on a government document.

record as a whole." <u>Haebe v. Dep't of Justice</u>, 288 F.3d 1288, 1298 (Fed. Cir. 2002). This court has jurisdiction over "a petition to review a final order or final decision of the Board." 5 U.S.C. § 7703(b)(1) (2005).

## DISCUSSION

For the DVA to succeed on the charge that Ms. Williams used government employment for private gain, it must prove that Ms. Williams obtained actual private financial gain. <u>See</u> <u>Mann v. Dep't of Health and Human Servs.</u>, 78 M.S.P.R. 1, 8 (1998). Here, the DVA provided substantial evidence of such financial gain. The DVA presented evidence that on fourteen different occasions Ms. Williams took funds from Local 31 for per diem travel expenses at a higher than the government standard per diem rate. Moreover, the DVA provided evidence that it paid Ms. Williams money for her travel reimbursement requests, thus receiving payment for the same travel expenses from both the DVA and Local 31. Ms. Williams presented no evidence of repayment. Finally, the AJ noted that Ms. Williams could have accessed government funds, if necessary, using her government-issued ATM card, but instead chose to request the extra amount from Local 31. The government-issued ATM card would have limited the amount of advanced money under the government per diem. In furtherance of the scheme, Ms. Williams chose to take the extra funding from Local 31 instead of receiving her allotted government per diem in advance. Therefore, the record contains substantial evidence to support the conclusion that Ms. Williams obtained actual private financial gain.

In order to support the charge of submitting false information on a government document, the DVA must show by a preponderance of the evidence that Ms. Williams

knowingly supplied wrong information with the intent to mislead or defraud the agency. Naekel v. Dep't of Transp., 782 F.2d 975, 977 (Fed. Cir. 1986). Because there is seldom direct evidence to establish intent to deceive or mislead the agency, circumstantial evidence may be relied upon to establish intent. Id. at 978. To prove this charge, the DVA presented Ms. Williams' signed Employee Travel Voucher requesting reimbursement. The voucher specifically asks the submitter if she had received payment or credit from a secondary source, to which Ms. Williams indicated she had not. Moreover, Ms. Williams testified that she had received the supplemental per diem and concurrent funding from Local 31 and the DVA on multiple occasions. These statements show her intent to mislead the DVA. Thus, the DVA established Ms. Williams submitted false information on the government voucher.

Ms. Williams further contends that the Board should have considered the new evidence she presented in her petition for review to the full Board. The Board may grant petitions for review of initial decisions if "new and material evidence is available that, despite due diligence, was not available when the record closed." 5 C.F.R. §1201.115 (d)(1) (2005) (emphasis added), See Azarkhish v. Office of Pers. Mgmt., 915 F.2d 675 (Fed. Cir. 1990). The record fails to indicate whether Ms. Williams attempted to obtain and submit this new evidence to the Board prior to the closing of the administrative record. Ms. Williams claims that many of Local 31's financial records were not available to her because the records were in the possession and control of the National Office of the AFGE. There is, however, no evidence in the record that she requested or attempted to obtain any of the records at the time of the hearing or prior to the initial decision by the AJ. In fact, some of the newly submitted evidence, such as

06-3021                                    5

her own cancelled checks, was presumably in her possession during the initial proceeding and prior to the closing of the administrative record.

Because there is substantial evidence to support her removal and because the Board did not commit any legal error in denying her request to present new evidence, we affirm.