NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3159

PETER SANTANA,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

_____

DECIDED:  April 6, 2006

_____

Before MICHEL, Chief Judge, GAJARSA, and LINN Circuit Judges.

PER CURIAM.

## DECISION

Peter Santana ("Mr. Santana"), a former Senior Auditor from the Department of Homeland Security ("Agency"), appeals from the final order of the Merit Systems Protection Board ("Board") affirming the Administrative Judge's ("AJ's") decision. Santana v. Dep't of Homeland Sec., M.S.P.B. No. SF-0752-04-0194-I-1 (February 8, 2005) ("Final Order").  The AJ affirmed the Agency's removal of Mr. Santana on charges of (1) failure to report an arrest, (2) failure to report criminal charges, (3) failure to

provide complete and (4) accurate information during a periodic background investigation, and failure to provide complete and accurate information in an Internal Affairs investigation. Santana v. Dep't of Homeland Sec., M.S.P.B. No. SF-0752-04-0194-I-1 (August 6, 2004) ("Initial Decision"). We affirm the Board's decision.

BACKGROUND

On May 4, 1994, Mr. Santana was charged with and arrested for driving under the influence ("DUI"). He pled no contest to the charge and was convicted. The Agency's Conduct and Employee Responsibilities ("ACER") policy requires employees to report any arrest, detention, or formal charge of law violation. Mr. Santana failed to report this arrest to his supervisor or the Agency's Internal Affairs ("IA") office.

On July 19, 1994, Mr. Santana was involved in an automobile accident. As a result of the accident he was charged with a DUI and driving with a suspended license. He was released pending review of the accident by the district attorney. An arrest warrant later issued for Mr. Santana stemming from this accident. On October 12, 1996, Mr. Santana was arrested pursuant to the warrant and posted bail for his release. The charges were subsequently dismissed. Mr. Santana failed to report this arrest promptly to his supervisor or IA, as required by the ACER policy.

On January 4, 2000, Mr. Santana was charged with domestic battery, a misdemeanor violation under the California Penal Code section 242-243(e), and an arrest warrant was issued. The Santa Clara County Superior Court ordered Mr. Santana to report to the San Jose Police Department ("SJPD"). When Mr. Santana reported to the SJPD, he was booked, fingerprinted, and released. Mr. Santana again

failed to report this charge and arrest promptly to his supervisor or the IA, as required by the ACER policy.

On July 12, 2001, Mr. Santana was arrested for driving under the influence, running a red light and hitting another vehicle. The following day, Mr. Santana called his supervisor, Mr. Napolean Ebarle, and reported that he was in an accident, in the hospital and unable to work that day. Mr. Santana did not disclose being arrested, however, his supervisor was advised by the SJPD of his accident and arrest.

After this last incident, the IA initiated an investigation. This investigation revealed the previous arrests of which the Agency had not been notified. During the investigation, the IA discovered an SF-85 form, Questionnaire for Public Trust Positions, filled out by Mr. Santana in 1999. The form contained a question asking about previous arrests, charges and convictions. Mr. Santana answered it by attaching a copy of his driving record, which disclosed his arrest from the May 4, 1994 DUI but not the 1996 arrest.

In December, 2001, the IA special agents interviewed Mr. Santana under oath. During the questioning, Mr. Santana again failed to mention the 1996 arrest. Mr. Santana also submitted an affidavit to the IA that contained a question regarding whether he had ever been arrested, detained, questioned by law enforcement or charged with a crime. His answer failed to disclose the 1996 arrest or the arrest related to the domestic battery charge.

Based on the findings of the IA investigation, the Agency removed Mr. Santana. Mr. Santana appealed his removal to the Board. The AJ sustained all the charges against Mr. Santana and affirmed the removal. Subsequently, the Board denied Mr.

Santana's petition to review the AJ's initial decision, thus rendering it final. Final Order at 1. Mr. Santana timely appealed the Final Order to this court.

## STANDARD OF REVIEW

This court must affirm the decision of the Board unless the decision is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); Kievenaar v. Office of Personnel Mgmt., 421 F.3d 1359, 1362 (Fed. Cir. 2005). This court has jurisdiction over "a petition to review a final order or final decision of the Board." 5 U.S.C. § 7703(b)(1) (2000).

## DISCUSSION

Mr. Santana was charged with (1) failure to report an arrest, (2) failure to report criminal charges, (3) failure to provide complete and accurate information during a periodic background investigation, and (4) failure to provide complete and accurate information in an IA investigation. In affirming the removal, the AJ applied the lack of candor standard established by this court in Ludlum v. Dep't of Justice, 278 F.3d 1280 (Fed. Cir. 2002). Mr. Santana argues that the Board erred in determining that the charges raised against him were equivalent to the charge of lack of candor. According to Mr. Santana, the Board applied the wrong analysis; it should have considered his actions as falsifications. "Lack of candor and falsification are different, although related, forms of misconduct, and the latter is not a necessary element of the former." Id. at 1283. To establish falsification, the Agency needs to show Mr. Santana made an affirmative misrepresentation and prove intent to deceive. See Naekel v. Dep't of

05-3159                                    4

Trans., 782 F.2d 975, 977 (Fed. Cir. 1986). Conversely, "lack of candor is a broader and more flexible concept." Ludlum, 278 F.3d at 1284. Lack of candor can involve "a failure to disclose something that, in the circumstances, should have been disclosed in order to make the given statement accurate or complete." Id.

For support of Mr. Santana's assertion that the charges against him were similar to falsification, he cited several Board cases. See Hanker v. Dep't of the Treasury, 73 M.S.P.R. 159 (1997) (requiring intent in determining falsification when the appellant failed to list previous employment and falsely answered no to several questions on an employment form); Daniels v. U.S. Postal Serv., 57 M.S.P.R. 272 (1993) (requiring intent in determining falsification when an appellant, while filling out a form for the agency either falsely left an answer blank or wrote "N/A"); Forma v. Dep't of Justice, 57 M.S.P.R. 97, 99, 103 (1993) (requiring intent in determining falsification when the appellant falsely answered negatively to three questions posed by the agency); Box v. U.S. Postal Serv., 51 M.S.P.R. 401, 405-406 (1991) (requiring intent in determining falsification when the appellant falsely answered a question on a form requesting a list of all convictions and pending criminal charges).

Though the AJ considered the assertions raised by Mr. Santana, he ultimately compared Mr. Santana's charges to that of the Ludlum petitioner. Initial Decision at 2, n. 1. In Ludlum, the petitioner was initially removed by the Federal Bureau of Investigation ("FBI") for traveling with an unauthorized passenger in his official Bureau vehicle: his daughter, whom he had picked up at her daycare center. 278 F.3d at 1281. The petitioner, during the FBI investigation, claimed that he had not used the vehicle to pick up his daughter more than twelve times. Id. As part of the interview, the FBI

prepared an affidavit stating that the petitioner had only picked up his daughter three times. Id. The petitioner reviewed and signed the statement. Id. In another statement made a month later, the petitioner claimed to have reviewed his records, and that he actually picked up his daughter fourteen times. Id. at 1281-82. The petitioner was given a 120 day suspension due to his lack of candor. Id. at 1283.

In Ludlum, lack of candor was equated to lying under oath or lying to a supervisor. Id. at 1284. This court identified lack of candor as not responding fully and truthfully to questions asked by the agency. Id. "Although lack of candor necessarily involves an element of deception, 'intent to deceive' is not a separate element of that offense -- as it is for 'falsification.'" Id. at 1284-85. The AJ properly applied Ludlum to the charges against Mr. Santana.

In considering the charges of failure to report an arrest and failure to report criminal charges, the AJ's decision is supported by substantial evidence. Mr. Santana stipulates that he knew he had a duty to inform either his supervisor or the IA about any arrests, detentions, or criminal charges. Therefore, his failure to disclose his 1994 arrest, 1996 arrest or his domestic abuse arrest lacked candor. Pursuant to Ludlum, intent is not a required element to establish support for the charge of lack of candor.

With respect to the charge of failure to provide complete and accurate information during a periodic background investigation, Mr. Santana failed to disclose information which would have made his statement accurate or complete. Mr. Santana submitted an inaccurate driving record to the Agency when he was asked about previous arrests. The driving record contained his 1994 arrest, but it failed to list the 1996 arrest. The California Department of Motor Vehicles created the driving record;

however, Mr. Santana reviewed it, having made notations on the record, without adding the 1996 arrest. Mr. Santana's submission failed to fully and truthfully respond to a question asked by the Agency.

Finally, the charge of failure to provide complete and accurate information during the IA investigation is also supported by substantial evidence. In an interview during the IA investigation in December, 2001, Mr. Santana failed to mention the 1996 arrest when asked about previous arrests. He then failed to include the 1996 arrest and the domestic abuse charge in an affidavit, immediately following the interview, when asked to list prior arrests and charges. Much like the Ludlum appellant, Mr. Santana failed to answer the IA fully or truthfully during an interview and then signed an affidavit containing the wrong information. Therefore, Mr. Santana lacked candor responding to questions asked by the Agency.

Because the Board's decision applied the proper legal standard and is supported by substantial evidence, we affirm.