NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3076

SISSAY G. HABTEMARIAM,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  May 8, 2006

_____

Before BRYSON, Circuit Judge, ARCHER, Senior Circuit Judge, and GAJARSA, Circuit Judge.

PER CURIAM.

## DECISION

Sissay G. Habtemariam ("Petitioner"), a former employee of the United States Agency for International Development ("USAID") in Addis Ababa, Ethiopia, appeals from the final order of the Merit Systems Protection Board ("Board") affirming the Administrative Judge ("AJ")'s decision.  Habtemariam v. Office of Pers. Mgmt., M.S.P.B. No. DC-0831-04-0224-I-1 (September 28, 2005) ("Final Order").  The AJ affirmed the Office of Personnel Management ("OPM")'s rejection of the Petitioner's deferred annuity application.  Habtemariam v. Office of Pers. Mgmt., M.S.P.B. No. DC-0831-04-0224-I-1

(April 1, 2004) ("Initial Decision").  For the reasons stated below, we vacate and remand the Board's decision.

BACKGROUND

The Petitioner was an employee of the United States from 1962 to 1980 who worked at various times for the Peace Corps and the USAID.  On August 29, 1980, he submitted an Application for Refund of Retirement Deductions to OPM.  OPM approved his request for the amount of $2,912.80.

In 2002, the Petitioner submitted a deferred annuity application to OPM.  However, OPM denied that application after finding that the Petitioner was not eligible to receive a deferred annuity because he had withdrawn his entire retirement contributions in 1980.

Upon OPM's subsequent denial of reconsideration on June 6, 2003, the Petitioner filed an appeal with the Board on January 7, 2004, almost six months later.  Normally, the Board requires that an appeal be filed no later than 30 days after the receipt of the agency's decision.  5 C.F.R. § 1201.22(b).  However, the Petitioner, who lives in Ethiopia, claimed that he filed his appeal on July 15, 2003, but it was somehow lost in the mail.  Initial Decision at 2.  The AJ recognized that there were frequently delays in mail service between the United States and some foreign countries, and thus found the appeal timely.  See, e.g., Hawkins v. Dep't of the Army, 4 M.S.P.R. 462, 464 (1981).

On February 13, 2004, the AJ distributed an Order and Notice of Hearing, Status Conference, and Prehearing Conference.  The telephonic status conference was scheduled for February 23, 2004.  The Petitioner failed to submit a phone number

where he could be reached for the status conference. On the day of the scheduled status conference, the AJ issued a Show Cause Order directing the Petitioner to telephone or submit written argument by March 4, 2004, which the Petitioner failed to do. Because the AJ had not heard from the Petitioner, she cancelled the Petitioner's requested hearing scheduled for March 18, 2004, but stated she would leave the record open until March 31, 2004 to allow the parties to submit any additional written evidence and/or arguments. On March 17, 2004, the AJ received written evidence from the Petitioner dated March 1, 2004. On March 29, 2004, the AJ received a fax from the Petitioner claiming that he had called two weeks prior and left his phone number in a message with the AJ. The fax also contained his phone number and notification of the written evidence he sent.

The AJ denied the Petitioner's claim on April 1, 2004. Initial Decision. On appeal to the full Board, Chairman McPhie and Board Member Sapin issued two separate opinions with respect to the AJ's cancellation of the hearing. Final Order. Chairman McPhie acknowledged that the cancellation of the hearing was a severe sanction, however, he agreed with the AJ's decision. Id. Board Member Sapin claimed that the cancellation of the hearing was in error, noting that if the AJ accommodated the Petitioner due to his geographical circumstance in his initial appeal, she should have understood the Petitioner's delayed response to her scheduling requests. Id. Because the two Board members could not agree on the disposition of the petition for review, the AJ's decision became final. 5 C.F.R. § 1200.3(b). The Petitioner timely appealed the final order.

STANDARD OF REVIEW

This court must affirm the decision of the Board unless the decision is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); Kievenaar v. Office of Pers. Mgmt., 421 F.3d 1359, 1362 (Fed. Cir. 2005). This court has jurisdiction over "a petition to review a final order or final decision of the Board." 5 U.S.C. § 7703(b)(1).

DISCUSSION

The Petitioner claims that the AJ abused its discretion by not providing a hearing. See Spezzaferro v. Fed. Aviation Admin., 807 F.2d 169, 174 (Fed. Cir. 1986) ("Failure to provide the hearing is described as an abuse of discretion."). According to 5 U.S.C. § 7701(a)(1), an employee is entitled to a hearing when they "submit an appeal to the Merit Systems Protection Board from any action which is appealable to the Board under any law, rule, or regulation." The Petitioner's right to a hearing should not be denied as a sanction absent extraordinary circumstances. See Sims v. U.S. Postal Serv., 88 M.S.P.R. 101, 103 (2001); see also Caracciolo v. Office of Pers. Mgmt, 82 M.S.P.R. 532, 534 (1999) ("a single failure to comply with an order is not sufficient . . . to justify a drastic sanction such as precluding the presentation of evidence at a hearing"); Stein-Verbit v. Dep't of Commerce, 72 M.S.P.R. 332, 338 (1996) (failure to participate in two teleconferences does not warrant the extreme sanction of denial of a hearing).

Admittedly, the Petitioner failed to respond to both the AJ's order to participate in the status conference and the AJ's show cause order. As the AJ noted, however, the

Board recognizes a likely delay in mail service between the United States and foreign countries. See, e.g., Hawkins, 4 M.S.P.R. at 464. Accordingly, the AJ allowed the Petitioner a six-month delay in filing his appeal, but then incongruously denied his hearing rights when he was unable to take part in a pre-hearing conference ten days after the conference notification was sent. Furthermore, the AJ did not consider the potential time delay when she scheduled the hearing less than five weeks from the date the scheduling order was distributed. Thus, the AJ failed to demonstrate extraordinary circumstances to cancel the Petitioner's hearing.

Moreover, there is no indication that the Petitioner waived his rights to a hearing. He filed a timely appeal. He submitted written evidence. The Petitioner sent a fax to the AJ containing his telephone number and a message notifying the AJ that he had mailed the written evidence. Though untimely, the Petitioner did everything the AJ requested and was still denied his hearing. Because the Board abused its discretion in denying the Petitioner a hearing, we vacate and remand for a hearing. We do not, however, address the merits of the claim.