NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3300

EVELYN ALMADEN,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Evelyn Almaden, of Garden Grove, California, pro se.

Stacey K. Grigsby, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With her on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Steven J. Gillingham, Assistant Director.  Of counsel on the brief was Paul St. Hillaire, Attorney, Office of Personnel Management, of Washington, DC.

Appealed from:  Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2009-3300

EVELYN ALMADEN,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in
SF-0843-09-0468-I-1.

_____

DECIDED:  January 15, 2010

_____

Before RADER, GAJARSA, and DYK, <u>Circuit Judges</u>.

PER CURIAM.

Evelyn Almaden ("Mrs. Almaden") appeals the final order of the Merit Systems
Protection Board ("Board").  The Board affirmed the Office of Personnel Management's
("OPM's") denial of survivor annuity benefits under the Federal Employees Retirement
System ("FERS"), 5 U.S.C. § 8442(b)(1).  <u>See</u> <u>Almaden v. Office of Pers. Mgmt.</u>, No.
SF-0843-09-0468-I-1 (M.S.P.B. Sept. 9, 2009).  We <u>affirm</u>.

## BACKGROUND

Mrs. Almaden is the widow of the late Manuel D. Almaden ("Mr. Almaden").  Mr.
Almaden had been employed by multiple federal agencies before his accidental death

on August 25, 2008. Mrs. Almaden applied for death benefits under FERS on or about October 17, 2008. In a February 19, 2009 initial decision, OPM found Mrs. Almaden ineligible for a survivor annuity under FERS because Mr. Almaden had not completed ten years of creditable civilian service. At the time of his death, Mr. Almaden had completed a total of nine years, 11 months, and 17 days of creditable federal service under FERS. After Mrs. Almaden requested reconsideration, OPM affirmed its initial decision.

Mrs. Almaden then appealed to the Board. In an initial decision dated June 23, 2009, an Administrative Judge affirmed OPM's decision. Almaden v. Office of Pers. Mgmt., No. SF-0843-09-0468-I-1 (M.S.P.B. June 23, 2009). On September 9, 2009, the Board denied Mrs. Almaden's petition for review, and the initial decision became the final decision of the Board. Mrs. Almaden timely petitioned for review in this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1).

DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We must affirm the Board's decision unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); see also Kievenaar v. Office of Pers. Mgmt., 421 F.3d 1359, 1362 (Fed. Cir. 2005). The burden of establishing deficiencies in an administrative decision is on the petitioner. Cheeseman v. Office of Pers. Mgmt., 791 F.2d 138, 140 (Fed. Cir. 1986).

In order for a widow to qualify for a survivor annuity under FERS, the widow must establish that her spouse had completed at least ten years of creditable service before his death. 5 U.S.C. §§ 8441(1)(A), 8442(b)(1)(B); 5 C.F.R. § 843.310. Mrs. Almaden acknowledges that her spouse's length of federal service fell short of the ten year threshold requirement by thirteen days. Mrs. Almaden's central argument on appeal is that OPM should consider Mr. Almaden's overtime hours when determining whether she is entitled to survivor death benefits, while also giving weight to the financial and physical hardships she faces due to her struggles with cancer. However, an employee's creditable service does not include overtime. See 5 C.F.R. § 842.402 ("Full-time service means any actual service in which the employee is scheduled to work the number of hours and days required by the administrative workweek for his or her grade or class (normally 40 hours)."). And annuities under FERS cannot be granted based on equitable grounds. See Rahman v. Office of Pers. Mgmt., 63 M.S.P.R. 219, 222 (M.S.P.B. 1994); see also Office of Pers. Mgmt. v. Richmond, 496 U.S. 414, 426 (1990) (explaining that "judicial use of the equitable doctrine of estoppel cannot grant respondent a money remedy that Congress has not authorized").

Beyond Mrs. Almaden's overtime and hardship arguments, she presents three questions in her appellate brief: (1) "Is there a way we can remedy this short days if all by granting a waiver of all the 13 days deficit, so as to grant my late husband Manuel, the full 10 years of government service ?"; (2) Just as federal civil service employees, who have served in the U.S. Armed Forces, have been allowed to "buy back" years of military service and credit them to their total federal civil service time (military and civilian time combined), "[i]s there a similar program that allows me, as the surviving

widow, to buy back the 13 days, so as to give the full 10 years of service Manuel had ?"; and (3) "The outstanding balance Manuel's annual and sick leave, may they not be used to overcome the 13 days deficit ?" OPM failed to discuss, or even acknowledge, these three issues in its brief. Nonetheless, we are unaware of any statutory provisions that present a ground for reversal with regard to any of them.

In summary, we agree with the Board that Mr. Almaden did not complete ten years of service creditable under FERS. While we sympathize with Mrs. Almaden's unfortunate circumstances, we are compelled to affirm.

COSTS

No costs.