NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DONALD E. CONNELL,**
*Petitioner,*

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2013-3184

---

Petition for review of the Merit Systems Protection Board in No. SF0831130142-I-1.

---

Decided: February 11, 2014

---

DONALD E. CONNELL, of Ocean Park, Washington, pro se.

JOSEPH E. ASHMAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Assistant Attorney General, BRYANT G. SNEE, Acting Director, and DEBORAH A. BYNUM, Assistant Director.

---

Before RADER, *Chief Judge,* MOORE and HUGHES, *Circuit Judges.*

PER CURIAM.

Donald Connell appeals the final decision of the Merit Systems Protection Board. The Board concluded that the administrative judge properly affirmed the Office of Personnel Management's decision to deny a request for an increased survivor annuity under the Civil Service Retirement System. Because the Board's conclusion is in accordance with the law and supported by substantial evidence, we affirm.

I.

Mr. Connell's spouse, Mona Connell, worked at the Department of Energy for thirty years. Prior to her retirement in April 2011, Mrs. Connell, the annuitant, elected to provide Mr. Connell with a partial survivor annuity using an annuity election form. The form's instructions stated that annuitants may increase the survivor annuity amount at retirement if they request the increase no later than eighteen months after retirement. Mr. Connell consented to Mrs. Connell's election in writing, affirming that his consent was "final (not revocable)." (A044.)

About two weeks after her retirement, Mrs. Connell was diagnosed with terminal cancer. She died on February 10, 2012.

In December 2011, within the time between the diagnosis and Mrs. Connell's death, OPM sent a notice to its annuitants stating that an annuitant could elect an increased survivor annuity for her spouse if an election was filed no later than eighteen months after an annuitant's retirement. Mrs. Connell never elected to increase the survivor annuity before her death.

On February 23, 2012, Mr. Connell requested that OPM increase his survivor annuity. OPM denied Mr. Connell's request on the ground that Mrs. Connell did not file for an increase in survivor annuity before her death. An administrative judge affirmed OPM's decision. In doing so, the Board noted that Mr. Connell did not deny that his wife received OPM's notice regarding survivor annuities.

On petition for review to the Board, and after close of the record, Mr. Connell asserted for the first time that OPM failed to comply with the regulations because Mrs. Connell did not receive the December 2011 notice. The Board denied Mr. Connell's petition, finding that the record contained a sworn affidavit by an OPM official establishing OPM's delivery of the notice to annuitants in December 2011. Additionally, the Board determined that Mr. Connell's assertion, standing alone, was not sufficient to overcome the presumption that Mrs. Connell received the notice.

Mr. Connell appeals. This court has jurisdiction under 28 U.S.C. § 1295(a)(9) (2012).

## II.

This court "must affirm the Board's decision unless it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law, obtained without procedures required by rule, law, or regulation, or unsupported by substantial evidence." *Addison v. Dep't of Health & Human Servs.*, 945 F.2d 1184, 1186 (Fed. Cir. 1991); *see also* 5 U.S.C. § 7703(c) (2012).

OPM must notify retirees on an annual basis that they have eighteen months from the date of retirement to elect an increase in a spouse's survivor annuity. 5 U.S.C. § 8339(o)(6) (2012). It is OPM's burden to establish that it is more probable than not that a notice was sent and that its contents notified annuitants of available elections.

*Schoemakers v. Office of Pers. Mgmt.*, 180 F.3d 1377, 1380 (Fed. Cir. 1999).  If OPM satisfies this burden, a rebuttable presumption arises and the petitioner must put forth evidence or testimony tending to support the contention that the annuitant did not receive the annual notice.  *Id.* The Board must then decide whether the petitioner's evidence overcomes the presumption that notice was received.

If OPM fails to show that it complied with the notice requirement and the annuitant's conduct was consistent with having made the election at issue, the Board may order survivor benefits as if the deceased had made a timely election.  *See, e.g.*, *Hathaway v. Office of Pers. Mgmt.*, 118 M.S.P.R. 678, 681 (2012) (citing *Simpson v. Office of Pers. Mgmt.*, 347 F.3d 1361, 1364 (Fed. Cir. 2003)).

On appeal, Mr. Connell asserts that substantial evidence does not support the Board's finding that OPM met its statutory notice obligations.  But, the record below included a sworn affidavit from the OPM official responsible for printing and distributing retirement notices.  The affidavit described the process for, and the personnel in charge of, generating annuitant lists and mailing notices to those on the lists.  It also stated that OPM sent all annuitants general notices regarding survivor elections every December since September 1989.  The record further included a copy of the notice sent in December 2011. The notice states an annuitant is "eligible to elect . . . an increased survivor annuity for [her] spouse if [she] 1) ha[s] been retired less than 18 months."  (A024.)

Citing this evidence, the Board determined that OPM met its burden regarding the notice requirement.  It also determined that Mr. Connell's assertion was made for the first time on petition for review and was not sufficient to overcome OPM's showing.   In view of the evidence cited by the Board, the Board's determinations were supported

by the substantial evidence. *See, e.g., Schoemakers*, 180 F.3d at 1380-81; *Hathaway*, 118 M.S.P.R. at 1381.

Although we are sympathetic to Mr. Connell's situation, because Mrs. Connell did not change her election of a partial survivor annuity within eighteen months of her retirement, OPM correctly denied the request for an increased annuity. *Cf. Kievenaar v. Office of Pers. Mgmt.*, 421 F.3d 1359, 1365 (Fed. Cir. 2005).

## III.

Because its decision is supported by substantial evidence, the Board correctly denied Mr. Connell's petition for review. Accordingly, this Court affirms.

## **AFFIRMED**

### COSTS

No costs.