NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3052

JOHN F. GARD,

Petitioner,

v.

DEPARTMENT OF EDUCATION,

Respondent.

————————————————

DECIDED:  April 11, 2006

————————————————

Before SCHALL, <u>Circuit Judge</u>, CLEVENGER, <u>Senior Circuit Judge</u>, and GAJARSA <u>Circuit Judge</u>.

PER CURIAM.

## DECISION

John Gard ("Mr. Gard"), a Systems Accountant in the Office of the Chief Financial Officer with the Department of Education ("DOE"), petitions us from the final order of the Merit Systems Protection Board ("Board") affirming the Administrative Judge's ("AJ's") decision not to enforce a settlement agreement. <u>Gard v. Dep't of Educ.</u>, M.S.P.B. No. DC-1221-02-0128-C-2 (September 21, 2005) ("<u>Final Order</u>").  For the reasons stated below, we <u>affirm</u> the Board's decision.

BACKGROUND

Mr. Gard and the DOE executed a settlement agreement on May 20, 2002 to resolve his whistleblower reprisal claims that were pending before the Board. Pursuant to the agreement, Mr. Gard agreed to withdraw his pending appeal, and, with certain exceptions, forbear from filing any lawsuits against the DOE for any circumstances relating to his employment arising on or before the date of the agreement. In return, the DOE agreed not to propose or implement an adverse action against Mr. Gard for any employment related circumstance known to the DOE at the time of the agreement. The DOE also agreed to allow Mr. Gard to stay at his current position, to not reassign Mr. Gard without his approval for six months after recording the settlement agreement, and to award him a one-step pay increase. The DOE complied with all the terms of the settlement agreement.

In December of 2004, Mr. Gard filed a petition for enforcement of the settlement agreement. He alleged that the DOE did not implement the settlement agreement in good faith, and therefore, was not in compliance with the terms of the agreement. Mr. Gard specifically claimed that the DOE violated the agreement by (1) giving him few meaningful work assignments; (2) creating a hostile work environment; (3) denying a request to attend a training class; and (4) refusing to allow him to work on his lawsuits against the DOE at home on official government time.

On April 1, 2005, the AJ issued an initial decision denying Mr. Gard's petition for enforcement of the settlement agreement. Gard v. Dep't of Educ., M.S.P.B. No. DC-1221-02-0128-C-2 (April 1, 2005) ("Initial Decision"). According to the AJ, Mr. Gard did not demonstrate how his claims reflected a bad faith implementation of the

settlement agreement. Id. at 10. Particularly, Mr. Gard failed to illustrate a connection between the terms of the settlement agreement and his perceived problem with the DOE. Id. Furthermore, Mr. Gard was not able to show any motivation by his current supervisor, Mr. Mueller, to act in a manner that could be attributed to the bad faith performance of the settlement agreement. Id. Subsequently, the Board denied Mr. Gard's petition to review the AJ's initial decision, thus rendering it final. Final Order at 1. Mr. Gard timely appealed.

## STANDARD OF REVIEW

We must affirm the decision of the Board unless the decision is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); Kievenaar v. Office of Pers. Mgmt., 421 F.3d 1359, 1362 (Fed. Cir. 2005). We have jurisdiction over "a petition to review a final order or final decision of the Board." 5 U.S.C. § 7703(b)(1) (2000). Interpretation of the terms of a settlement agreement is a question of law which we review de novo. See King v. Dep't of Navy, 130 F.3d 1031, 1033 (Fed. Cir. 1997).

## DISCUSSION

In a settlement agreement, like any other contract, there is a requirement that the parties fulfill their respective contractual obligations in good faith. Link v. Dep't of the Treasury, 51 F.3d 1577, 1582 (Fed. Cir. 1995). Thus, a party may breach a settlement agreement by acting in bad faith with respect to a settlement term. Id. Mr. Gard needs to establish that the DOE breached the settlement agreement by showing that its

actions constituted bad faith noncompliance with the terms. See Kuykendall v. Dep't of Veterans, 68 M.S.P.R. 314, 323 (1995). Mr. Gard fails to establish this breach.

Mr. Gard agrees that the DOE met each of its obligations expressed in the settlement agreement. Nevertheless, he claims that the DOE merely returned him to his position, and did not honor the underlying, implied contract terms of providing meaningful work assignments and a non-hostile working environment. See Id. (construing . . . a settlement term as obligating the agency merely to technically and facially reinstate the appellant would be unreasonable). Additionally, he claims that after returning to work, the DOE breached the settlement agreement by acting in bad faith in denying a request to attend a training class and refusing to allow him to work on his lawsuits against the DOE at home on official government time.

In his complaint to the Board, Mr. Gard cites several occasions in which his current supervisor, Mr. Mueller, did not give him meaningful work assignments. "A mere showing of some frictions, misunderstandings, or unpleasantness between the appellant and other employees or managers" is not sufficient to meet the burden to establish that the DOE acted in bad faith with respect to the agreement. See id. at 325. Mr. Gard alleges some complaints regarding the quality of his current assignments, but he mostly cites unpleasant interactions with Mr. Mueller. Mr. Gard, however, fails to make a connection between his current assignments, the friction with Mr. Mueller and the terms of the settlement agreement. Without this connection, the AJ was unable to find that the DOE acted in bad faith.

Mr. Gard also fails to support his claim that the DOE is creating a hostile work environment as a breach of the settlement agreement. Mr. Gard only points to one

limited encounter in which he was reprimanded by Mr. Mueller to support his claim.[1] Mr. Gard, however, failed to produce evidence illustrating a pattern of such behavior dating back to the settlement agreement implementation. Thus, Mr. Gard fails to show how this one encounter demonstrates that the DOE provided a hostile work environment and acted in bad faith.

Next, Mr. Gard's claim that the DOE acted in bad faith because it denied his training request is equally lacking. First, there is no term in the settlement agreement requiring the DOE to provide any training. Second, Mr. Gard has attended several training classes since the settlement agreement was implemented.[2] Third, Mr. Mueller did not deny Mr. Gard's training request, but asked that he take a similar class offered by a different class provider, Management Concepts. Mr. Gard was not able to take the Management Concepts class and asked again to take the class with ESI, a different class provider. Mr. Mueller denied the request. The denial of a single request, which was not a term of the settlement agreement, is not a reflection of the DOE's bad faith.

Finally, Mr. Gard's claim, that the DOE's refusal to allow him to work on his lawsuits against the DOE at home on official government time does not support his

---

[1] On November 17, 2004, Mr. Gard distributed an email concerning a potential change in employee cube location which was never confirmed, causing some confusion in the office. Mr. Mueller reprimanded Mr. Gard for sending an email based on rumor.

[2] As recently as April of 2004, Mr. Mueller granted two of Mr. Gard's requests to attend different training classes.

claim of bad faith. Mr. Gard provided no evidence to the Board that indicated he and his employer had such an arrangement. Moreover, this requested accommodation does not appear in the settlement agreement, and the DOE is not required to allow such absences from work. Thus, the DOE's denial of his request was not in bad faith.

Because the Board's decision is supported by substantial evidence and the DOE did not implement the settlement agreement in bad faith, we affirm.