NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GREGORY W. COFIELD,**
*Petitioner*

**v.**

**DEPARTMENT OF DEFENSE,**
*Respondent*

---

2016-1546

---

Petition for review of the Merit Systems Protection Board in No. SF-0752-14-0114-B-1.

---

Decided: September 14, 2016

---

GREGORY W. COFIELD, Fairfield, CA, pro se.

JIMMY MCBIRNEY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., STEVEN J. GILLINGHAM.

---

Before PROST, *Chief Judge,* NEWMAN and DYK, *Circuit Judges.*

PER CURIAM.

Gregory Cofield appeals the final decision of the Merit Systems Protection Board ("Board") denying his petition for enforcement of his settlement agreement with the Department of Defense. For the reasons discussed below, we affirm.

BACKGROUND

This appeal concerns events taking place after Mr. Cofield and the Department of Defense ("DoD") executed a settlement agreement which reinstated him to the position of Store Associate at the Travis Air Force Base Commissary. Eleven days after the settlement agreement became final, Mr. Cofield filed a petition for enforcement with the Board in which he alleged that the DoD breached the agreement. Mr. Cofield's complaint was primarily based on behavior by his supervisor which he believed was hostile and in retaliation for his prior lawsuit. Mr. Cofield also alleged that his supervisor (1) changed his work schedule multiple times, (2) assigned him work beyond his medical restrictions, (3) required that he produce updated documentation regarding his medical restrictions, and (4) did not allow him to work on his petition for enforcement during work hours.

In an initial decision, the administrative judge assigned to the case denied Mr. Cofield's petition. In doing so, she found that the settlement agreement did not specify a work schedule and that the DoD treated Mr. Cofield no differently than any other employee. The administrative judge also found that there was no requirement that Mr. Cofield be allowed to prepare his petition on official time. Finally, the administrative judge determined that the Board did not have jurisdiction to hear Mr. Cofield's retaliation claims premised on his supervisor's behavior and suggested he make use of the grievance process instead.

Mr. Cofield timely filed a petition for review of the initial decision. On review, the Board affirmed the administrative judge's factual findings. The Board also determined that the DoD had since provided Mr. Cofield with appropriate accommodations for his medical restrictions, rendering that claim moot.

However, the Board disagreed with the administrative judge's determination that it did not have jurisdiction to hear Mr. Cofield's retaliation claims. The Board explained that, in some circumstances, harassment and retaliation could constitute bad faith noncompliance with a settlement agreement and therefore be a violation of its terms. The Board therefore remanded the petition back to administrative judge to develop the record and determine whether the DoD acted in bad faith.

On remand, the administrative judge allowed the parties to submit additional evidence regarding Mr. Cofield's retaliation claims. In support of his claims, Mr. Cofield provided affidavits from five of his coworkers.[1] The DoD did not submit any evidence to counter these affidavits.

Because the DoD did not rebut the contents of Mr. Cofield's submitted affidavits, the administrative judge presumed them to be true and accurate. However, the administrative judge found that the behavior of Mr. Cofield's supervisor did not rise to an actionable level. Consequently, the administrative judge denied the petition.

Mr. Cofield again petitioned the Board for review of the administrative judge's decision. After review, the Board agreed with the administrative judge's assessment

---

[1] Mr. Cofield had since transferred to a different team. His submissions only focus on the eighteen months between his reinstatement and subsequent transfer.

of the evidence and affirmed the denial of his petition. This appeal followed.

We have jurisdiction under 5 U.S.C. § 7703(b)(1)(A).

DISCUSSION

Our review of the Board's decision is limited by statute. We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

In his submissions, Mr. Cofield only appeals the Board's determination that his supervisor's behavior did not constitute a breach of his settlement agreement with the DoD. He does not appeal the Board's determination that the DoD complied with the terms of the settlement agreement regarding his work schedule, and has provided appropriate accommodations for his medical restrictions.

Because a settlement agreement is a contract, we review it just as we review any other agreement. *Link v. Dep't of the Treasury*, 51 F.3d 1577, 1582 (Fed. Cir. 1995). Every contract has an implied term that the parties will act in good faith in executing the agreement; a contract may be breached if a party acts in bad faith. *Id.* In some circumstances, the actions of a supervisor towards an employee after reinstatement, if retaliatory, may constitute bad faith noncompliance with the terms of a settlement agreement.[2] *Gard v. Dep't of Educ.*, 180 F. App'x

---

[2]   The Board has held that, because it otherwise lacks jurisdiction to hear claims of retaliation premised on a settlement agreement, the proper avenue for these claims is to bring a petition for enforcement of the agree-

921, 922 (Fed. Cir. 2006).  However, "'[a] mere showing of some frictions, misunderstandings, or unpleasantness between the appellant and other employees or managers' is not sufficient to meet the burden to establish that [an agency] acted in bad faith with respect to the agreement." *Id.* at 923 (quoting *Kuykendall*, 68 M.S.P.R. at 323).  To determine whether bad faith noncompliance has occurred, the Board has required that a petitioner must show "that the agency's proven retaliatory/harassing actions, under the totality of the circumstances, amounted to an unjustified and substantial deprivation of her rights as incumbent of the position in question." *Kuykendall*, 68 M.S.P.R. at 324–25.

Though we have never endorsed the Board's "substantial deprivation" test, we see no basis for overturning the Board's conclusion with respect to the conduct here.

## CONCLUSION

For the foregoing reasons, we affirm the Board's decision and deny Mr. Cofield's request for remedies.

## **AFFIRMED**

### COSTS

Each party shall bear their own costs.

---

ment.  *Kuykendall v. Dep't of Veterans Affairs*, 68 M.S.P.R. 314, 324–25 & n.8 (M.S.P.B. 1995).