NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EZELL WYRICK,**
*Petitioner,*

v.

**DEPARTMENT OF TRANSPORTATION,**
*Respondent.*

---

2014-3162

---

Petition for review of the Merit Systems Protection Board in No. SF-0752-12-0524-I-3.

---

Decided: December 9, 2014

---

EZELL WYRICK, of Vallejo, California, pro se.

SCOTT R. DAMELIN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were JOYCE R. BRANDA, Acting Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and DONALD J. KINNER, Assistant Director.

---

Before MOORE, PLAGER, and WALLACH, *Circuit Judges.*

PER CURIAM.

Ezell Wyrick appeals from the May 21, 2014, decision of the Merit Systems Protection Board ("Board") denying his petition for review and affirming the administrative judge's ("AJ") decision sustaining the Department of Transportation's ("DOT") charges against Mr. Wyrick and penalizing him by removal. For the reasons set forth below, this court affirms.

## BACKGROUND

Mr. Wyrick is a former employee of the DOT Federal Aviation Administration ("Agency") where he worked as an Administrative Officer at the Oakland Flight Standards District Office.

On December 16, 2010, the Agency proposed removing Mr. Wyrick from his position as an Administrative Officer based on the following charges: (1) lack of candor regarding a driving under the influence ("DUI") and hit-and run-incident; (2) operation of a government-owned vehicle without a license; and (3) failure to report a suspended license. Mr. Wyrick was given the opportunity to respond to the charges: however, the Agency sustained the proposed removal, effective February 11, 2011.

With regard to the lack of candor charge, on September 4, 2009, the manager of the Oakland Flight Standards District Office, Ronald Waterman, questioned Mr. Wyrick regarding allegations he had been arrested for a DUI and hit-and-run accident. According to the Agency, in response, Mr. Wyrick denied the allegations and stated his stepson had driven his personal car and been involved in a DUI and hit-and-run several months earlier. Almost a year later, on August 10, 2010, the Agency received a Report of Investigation from a Special Agent dated June 21, 2010, stating Mr. Wyrick was shown documentation concerning his DUI and hit-and-run incident and Mr. Wyrick admitted to being arrested for the offenses. The

documentation showed that on June 12, 2009, Mr. Wyrick was arrested and charged with driving under the influence of alcohol or drugs, and a hit-and-run driving incident resulting in damage to property. The Agency determined this information explicitly contradicted Mr. Wyrick's September 4, 2009, response to Mr. Waterman regarding his alleged arrest for a DUI and hit-and-run.

On review, the AJ sustained this charge. With regard to Mr. Wyrick's charge of operating a government vehicle without a license, the AJ sustained one of two charges by the Agency. The Agency charged that on July 21, 2009, Mr. Wyrick checked out and drove a government vehicle while he had a suspended California driver's license, which was both a misuse of the vehicle and a violation of government policies. The AJ determined "it is more likely true than not that [Mr. Wyrick] drove a Government vehicle on July 29, 2009, when his license was suspended, as charged." Resp't's App. 29. However, Mr. Wyrick was charged with operating a government vehicle with a suspended license on July 21, not July 29, 2009, and the AJ therefore misstated the date. The Board found this was inconsequential as Mr. Wyrick's license was suspended in June 2009 and remained suspended on July 21, 2009. The AJ did not sustain the second charge that Mr. Wyrick had checked out a government vehicle on July 7, 2009. The AJ also did not sustain the Agency's charge of failure to report a suspended driver's license. The AJ ultimately determined that a nexus existed between Mr. Wyrick's conduct and "the efficiency of the service" and thus the penalty of removal was reasonable. Resp't's App. 40.

In July 2013, Mr. Wyrick filed a petition for review of the AJ's initial decision. Resp't's App. 8. The Board found the AJ properly sustained the Agency's charges and affirmed its findings. The Board also denied Mr. Wyrick's petition for review after it concluded Mr. Wyrick had not sufficiently shown a basis for disturbing the AJ's findings,

including the findings related to Mr. Wyrick's affirmative defense of alcoholism.

Mr. Wyrick timely appealed and this court has jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2012).

## DISCUSSION

This court may only set aside the Board's decision if it is "found to be—(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."  5 U.S.C. § 7703(c) (2006); *see also Kievenaar v. Office of Pers. Mgmt.*, 421 F.3d 1359, 1362 (Fed. Cir. 2005).  Issues of statutory and regulatory construction are reviewed de novo.  *Billings v. United States*, 322 F.3d 1328, 1332 (Fed. Cir. 2003).

## I. Lack of Candor

Mr. Wyrick contends the "police report supports" his claims that he was never arrested for a hit-and-run in June 2009, since the report states in "two separate places that the Appellant was only arrested for a DUI."  Pet'r's Br. 2.  Mr. Wyrick also argues "[a]lthough he was later charge[d] for hit and run, [o]n September 4, 2009, he was asked what he was arrested for, not what he was charged for."  *Id.*  This court is not persuaded by this argument.  The Board found Mr. Wyrick had been involved in a DUI and hit-and-run, and when he was confronted by Mr. Waterman, he denied any involvement, claiming his stepson had been involved in an incident.  Moreover, Mr. Wyrick admitted he was arrested for both, stating under oath to the Special Agent that he "was arrested in 06/2009 for hit and run and DUI."  *Id.*

As the government points out, "even if Mr. Wyrick's testimony were believed, the board found that his denial on September 4, 2009, involved an element of deception in that he knew he had been arrested for a DUI."  Resp't's

Br. 13. "Lack of candor . . . is a . . . flexible concept whose contours and elements depend upon the particular context and conduct involved. It may involve a failure to disclose something that, in the circumstances, should have been disclosed in order to make the given statement accurate and complete." *Ludlum v. Dep't of Justice*, 278 F.3d 1280, 1284 (Fed. Cir. 2002). Given Mr. Wyrick either intentionally lied or omitted information regarding his involvement in this incident, this court discerns no error in the Board's decision.

## II. Operating a Government Vehicle with a Suspended License

Mr. Wyrick contends that with respect to the charge of operation of a government vehicle without a license, "[t]he Agency failed to prove the charge because it failed to prove that the Appellant signed out or operated a government vehicle on that date." Pet'r's Br. 2. Mr. Wyrick also argues "the time sheet presented in the Agency File is a time sheet from July 7, 2007, not 2009." *Id.* The AJ found "no preponderant evidence that the appellant signed out a government vehicle on July 7, 2009, as charged" and determined "[t]his specification is not sustained." Resp't's App. 28. Accordingly, this is not a matter in dispute.

With regard to the second charge of operating a vehicle on July 21, 2009, Mr. Wyrick contends that "[o]ther than [his own] unsupported claim that he may have driven the car on the date in question, the Agency has no evidence that he actually operated the vehicle on July 21, 2009." Pet'r's Br. 3. This is incorrect. The Agency introduced vehicle logs showing Mr. Wyrick checked out a government vehicle on July 21, 2009. Additionally, Mr. Wyrick, under oath to a Special Agent, admitted he had seen the produced government vehicle logs for the Oakland Flight Standards District Office showing he checked out a government vehicle on July 21, 2009.

Mr. Wyrick also stated that "[p]art of my duties then was to make sure the Government vehicles were current on maintenance issues, clean and full of fuel. I believe that on 07/21/2009 I took the Government vehicle to get washed." Resp't's App. 15. On appeal he acknowledges he made this admission to the Special Officer but contends "when he later realized the Agency wanted to terminate him, he said that he was not sure whether he drove the car on that day. . . [and] he was confused and in a fog when he spoke to [the Special Officer], due to his alcoholism." Pet'r's Br. 3. Mr. Wyrick also argues "[t]he Agency did not have any video of him driving the car on that day" or offer any "witnesses to testify that he drove the car on that day." *Id.* Finally, at the hearing, Mr. Wyrick acknowledged he signed out a vehicle on the day in question, but argues he "routinely signed cars out for the inspectors, and may have done so on that day." *Id.*

These arguments are not persuasive. Mr. Wyrick's co-worker testified the person who is going to use the vehicle is the person who signs it out. The AJ acknowledged Mr. Wyrick's offered testimony that he had signed out vehicles for others before, but determined he had not raised this defense until after his own admission, or any time before the hearing, and concluded "that [Mr. Wyrick's] extremely tardy explanation is worthy of very little weight, and that it is more likely true than not that he drove a Government vehicle on July 29, 2009, when his license was suspended, as charged." Resp't's App. 29. "The determination of the credibility of the witnesses is within the discretion of the presiding official who heard their testimony and saw their demeanor." *Griessenauer v. Dep't of Energy*, 754 F.2d 361, 364 (Fed. Cir. 1985). Mr. Wyrick does not present any argument as to why the AJ's credibility finding should be disturbed, and we find the Board did not abuse its discretion in affirming the AJ's credibility determination.

### III. Constitutional Due Process Claim

Mr. Wyrick contends he has a constitutional claim because the "Agency denied him due process by failing to provide him an opportunity to reply to evidence on which the deciding official relied upon in rendering his decision." Pet'r's Br. 3. Specifically, the AJ found that Mr. Waterman had commented "one of the factors" contributing to Mr. Waterman's recommendation of removal was a June 8, 2010, conversation between Mr. Waterman and Mr. Wyrick in which Mr. Wyrick had been "less than truthful." Resp't's App. 38 (internal quotation marks omitted). Mr. Wyrick argued he did not have a chance to respond to this evidence, and his due process rights were therefore violated.

The AJ addressed this argument, and determined that though "the deciding official may consider only information that is in the notice of proposed removal or the employee's response," this information was "merely cumulative" and there was nothing that pointed "towards prejudice" against Mr. Wyrick, and if there was error, it was "harmless." *Id.* at 38–40 (internal quotation marks omitted). Moreover, it is undisputed this conversation was never specified as a reason for removal in the proposal letter. This court accordingly discerns no error in the Board's affirmance of the AJ's decision.

### IV. Removal and Mitigating Circumstances

Mr. Wyrick argues the Board did not consider mitigating factors when evaluating his removal, such as his alcoholism, his eighteen years of service to the Agency, his performance record, and the fact that he had never been disciplined in his job other than by Mr. Waterman. Pet'r's Br. 4. Ultimately, Mr. Wyrick argues "the evidence relied upon does not support a removal." *Id.*

To establish an affirmative defense of disability discrimination due to alcoholism, an appellant must show (1)

"he suffers from an addiction," and (2) "that the addiction caused the misconduct." *Avant v. Dep't of the Navy*, 60 M.S.P.R. 467, 476 (1994). The AJ determined Mr. Wyrick did not provide any evidence regarding his alcohol addiction or any treatment and that, even if he had, mitigation due to alcoholism is "outweighed by the seriousness of the offenses in relation to [Mr. Wyrick's] position, his prior disciplinary record, and the fact that there is no reason to conclude that [Mr. Wyrick's] failure to be fully truthful was caused by his use of alcohol." Resp't's App. 42; *see Huettner v. Dep't of the Army*, 54 M.S.P.R. 472, 475 (1992) (holding a defense of alcoholism was outweighed by the serious[ness] of the offense and the appellant's prior disciplinary record). "It is a well-established rule of civil service law that the penalty for employee misconduct is left to the sound discretion of the agency." *Miguel v. Dep't of Army*, 727 F.2d 1081, 1083 (Fed. Cir. 1984). The AJ considered the mitigating factors and reasonably determined the offense was serious enough to uphold Mr. Wyrick's removal, and the Board's affirmance was not an abuse of discretion.

## CONCLUSION

We have considered Mr. Wyrick's other arguments and find them unpersuasive. For the reasons set forth above, the decision of the Board is

## **AFFIRMED**

### COSTS

No costs.